UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF KENTUCKY

SOUTHERN DIVISION (LONDON)

|  |  |  |
|---|---|---|
| PATRICK PIZZELLA, Acting Secretary of Labor, United States Department of Labor, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. _____ |
| v. | ) ) ) | (Injunctive Relief Sought) |
| BLACKJEWEL L.L.C. and BLACKJEWEL MARKETING AND SALES HOLDINGS, LP, | ) ) ) ) | |
| Defendants. | ) ) ) | |

## **COMPLAINT**

This cause of action, which arises under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*, hereinafter the Act, is brought by the Acting Secretary of Labor pursuant to authority granted by Section 11(a) and Section 16(c) of the Act, 29 U.S.C. § 211(a) and § 216(c).

I

Jurisdiction is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, to enjoin violations of the Act and to restrain the withholding of back wages due under the Act; and by 28 U.S.C. § 1345 to award additional amounts, equal to back wages due, as liquidated damages under Section 16(c) of the Act, 29 U.S.C. § 216(c).

II

A.      Defendant, Blackjewel L.L.C. ("Blackjewel"), a limited liability company organized under the laws of the state of Delaware, having a place of business and doing business in Harlan County, Kentucky at all times hereinafter mentioned, has been engaged in coal mine operations.

B.      Defendant Blackjewel Marketing and Sales Holdings, LP ("BJMS") is a Delaware limited partnership registered on October 8, 2010. According to a declaration filed in the bankruptcy court by the former President and CEO of Defendant Blackjewel, Jeff A. Hoops, Sr., BMJS is effectively the only customer of Blackjewel.

III

A.      On or about July 1, 2019, Defendant Blackjewel filed for Chapter 11 Bankruptcy protection in the Southern District of West Virginia, Case No. 19-30289.

B.      On or about July 15, 2019, the Louisville District Office of Wage and Hour Division (WHD) began investigating an incident involving miners located in Harlan County, Kentucky. WHD had learned that miners employed or formerly employed by Defendant Blackjewel had stopped a train with approximately 100 cars loaded with coal from leaving the county because they had not been paid for work that they had performed in mining or otherwise processing the coal. Since that time, WHD has been actively investigating the claims of those miners.

C.      WHD has substantiated the allegations that miners who were employed by Defendant Blackjewel have not been paid for work performed between the approximate period of June 10, 2019 through July 1, 2019.

D.      On or about, August 5, 2019, the Acting Secretary of Labor filed an Emergency Motion with the bankruptcy court to halt the transport or transfer of the coal located in Harlan, Kentucky. ECF. No. 550. The court orally granted that motion in open court.

E.      Since the date of that order, the Acting Secretary has learned that BJMS claims an ownership interest in coal mined and produced by Defendant Blackjewel, including the coal located in Harlan County, Kentucky.

F.      On information and belief, approximately 20,000 tons of coal remain in Harlan County, Kentucky, which has been produced, mined, processed, transported or otherwise handled by uncompensated miners employed by Defendant Blackjewel.

IV

A.      Defendant Blackjewel, at all times hereinafter mentioned, has suffered or permitted to work employees, and therefore, has been an employer within the meaning of Sections 3(d) and 3(g) of the Act, 29 U.S.C. §§ 203(d) and 203(g). Blackjewel's employees engaged in the mining, production and processing of coal at all times relevant hereto.

B.      At all times hereinafter mentioned, Defendant Blackjewel employed employees that have been and are engaged in commerce or in the production of goods for commerce, within the meaning of Sections 3(b) and (j), respectively, of the Act, 29 U.S.C. §§ 203(b) and (j).

V

At all times hereinafter mentioned:

A.      Defendant Blackjewel, having been engaged in related activities performed either through unified operation or common control for a common business purpose, constitutes an enterprise within the meaning of Section 3(r) of the Act, 29 U.S.C. § 203(r), and

3

B.     Such enterprise, employing employees engaged in commerce or in the production of goods for commerce, or employees producing, handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce; and having an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated), constitutes an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of § 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

C.     Therefore, during the period at issue, said employees were employed in an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Sections 3(r) and/or 3(s)(1) of the Act, and the employees and the enterprise were subject to Sections 6, 7, and 11(c) of the Act.

VI

Defendant Blackjewel has violated and is violating the provisions of Sections 6 and 15(a)(2) of the Act by paying employees wages at rates less than the applicable minimum wage. During the period on or about June 10, 2019 through July 1, 2019 salaried and hourly employees received no wages at all for work performed during this period.

VII

Since at least June 10, 2019, the Defendant Blackjewel violated the provisions of Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees who have been engaged in commerce, or in the production of goods for commerce, for workweeks longer than 40 hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed. During the period on or about June 10, 2019 through July 1, 2019 salaried and hourly

4

employees received no wages at all for work performed during this period.

VIII

Defendants Blackjewel and BJMS have violated the provisions of Section 15(a)(1) of the Act, 29 U.S.C. § 215(a)(1), in that they shipped, delivered, transported, offered for transportation, and sold in commerce, and shipped, delivered or sold with knowledge that shipment, delivery, or sale thereof in interstate commerce was intended, goods in the production of which many of Defendant Blackjewel's employees were employed in violation of Sections 6, 7 and 15(a)(2) of the Act, as alleged. Defendant Blackjewel did not pay the applicable minimum wage and overtime compensation to employees, who mined or otherwise produced coal that Defendants sold, shipped, offered for transportation and delivered to customers outside the Commonwealth of Kentucky.

IX

WHEREFORE, cause having been shown, the Secretary of Labor prays for Judgment:

1.     Pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, permanently enjoining and restraining Defendants Blackjewel and BJMS, their officers, agents, servants and employees, and all persons in active concert or participation with them, from violating the provisions of Section 15(a)(1) of the FLSA, 29 U.S.C. § 215(a)(1),

2.     Restraining Defendant Blackjewel from the withholding of payment of wages found by the Court to be due employees under the Act (as named in "Exhibit A" attached hereto and made a part hereof and such other employees as hereafter may be identified and named prior to or at trial) in accordance with Section 17 of the Act [29 U.S.C. § 217];

3.     Against Defendant Blackjewel, awarding back wages and an additional equal amount as liquidated damages to employees (as named in "Exhibit A" attached hereto and made a part hereof and such other employees as hereafter may be identified and named prior to or at trial) in accordance with Section 16(c) of the Act [29 U.S.C. § 216(c)]; and

4.     For such other and further relief as may be necessary and appropriate including but not limited to interest on such back wages at the underpayment rate established by the Secretary of the Treasury, pursuant to 26 U.S.C. § 6621, from the date they became due until paid; and costs of this action.

Respectfully submitted,

KATE S. O'SCANNLAIN
Solicitor of Labor

STANLEY E. KEEN
Regional Solicitor

THERESA BALL
Associate Regional Solicitor

CHRISTIAN P. BARBER
THOMAS J. MOTZNY
Attorneys

U.S. Department of Labor
Attorney for Plaintiff

POST OFFICE ADDRESS:

Office of the Solicitor
U. S. Department of Labor
618 Church Street
Suite 230
Nashville, Tennessee 37219
Telephone: 615/781-5330, Ex. 233/248
Facsimile: 615/781-5321