UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| EUGENE SCALIA, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>BLACKJEWEL L.L.C. and BLACKJEWEL MARKETING AND SALES HOLDINGS, LP,<br><br>Defendants. | Civil Action No. 6:19-CV-207-CHB<br><br>**ORDER APPROVING CONSENT JUDGMENT** |

*** *** *** ***

This matter is before the Court on the parties' Consent Judgment [R. 30], signed by all parties who have appeared. The Court further construes the Consent Judgment to be a Stipulation of Dismissal by the Plaintiff pursuant to Fed. R. Civ. P 41(a)(1)(A)(ii). Having reviewed the Consent Judgment and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED**, **ADJUDGED, AND DECREED** as follows:

1. The Motion to Approve the Consent Judgment [**R. 30**] is **GRANTED**.

2. This matter is **DISMISSED WITH PREJUDICE** as to all defendants, all dates and deadlines are hereby **VACATED**, and this matter is **STRICKEN** from the Court's active docket.

3. Defendant Blackjewel, its officers, agents, servants, and all persons acting or claiming to act on its behalf and interest are permanently enjoined and restrained from violating the provisions of Sections 6, 7, and 15 of the Act, in any manner, specifically:

i) Defendant Blackjewel shall not, contrary to Section 6 of the Act, pay to any of its employees who in any workweek are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at rates less than those which are now, or which in the future may become, applicable under Sections 6 and 15(a)(2) of the Act.

ii) Defendant Blackjewel shall not, contrary to Section 7 of the Act, employ any of its employees including, but not limited to, any of their employees working for Defendant Blackjewel, a limited liability company, at 1051 Main Street, Milton, WV 25541 or at any business location owned, operated, and/or controlled by Defendant Blackjewel, and at any other business location at which their employees perform work, in any workweek when they are engaged in commerce or employed in an enterprise engaged in commerce, within the meaning of the Act, for workweeks longer than the hours now, or which in the future become, applicable under Sections 7 and 15(a)(2) of the Act, unless the said employees receive compensation for their employment in excess of the prescribed hours at a rate equivalent to one and one-half times the regular rates applicable to them.

4. Defendants Blackjewel and BJMS shall not, contrary to Section 15(a)(1) of the Act, transport, offer for transportation, ship, deliver, or sell in commerce, or ship, deliver, or sell with knowledge that shipment or delivery or sale thereof in commerce is intended, any goods, in the production of which any employee was employed in violation of Section 6 or 7 of the Act.

5. Defendants Blackjewel and BJMS shall not discharge or take any retaliatory action against any of their employees, whether or not directly employed by Defendants, because the employee engages in any of the following activities pursuant to Section 15(a)(3) of the Act:

   i) Discloses, or threatens to disclose, to a supervisor or to a public agency, any activity, policy, or practice of the Defendants or another employer, with whom there is a business relationship, that the employee reasonably believes is in violation of the Act, or a rule or regulation promulgated pursuant to the Act;

   ii) Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the Act, or a rule or regulation promulgated pursuant to the Act, by the Defendants or another employer with whom there is a business relationship;

   iii) Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes is in violation of the Act, or a rule or regulation promulgated pursuant to the Act.

6. Defendant Blackjewel is enjoined and restrained from withholding gross back wages in the sum total amount of $1,998,725 due to certain employees and former employees of Blackjewel listed and identified in Schedule A, attached hereto and made a part hereof. *See* [R. 30 Page ID #: 172–181].

7. Pursuant to a modified settlement ("Modified Settlement") between certain Defendants and Blackjewel Marketing and Sales, L.P. ("BJMS") documented in the Order Authorizing the Private Sale of the Western Assets to Eagle Specialty Materials, LLC (the "Sale") Free and Clear of All Claims, Liens, Liabilities, Rights, Interests and Encumbrances and

Granting Related Relief approved by the Southern District of West Virginia Bankruptcy Court on October 3, 2019, BJMS has agreed, upon closing of the Sale, to satisfy Defendants' obligations to pay gross back wages in the total amount of $1,998,725, which Plaintiff alleges Defendants failed to pay in violation of the minimum wage and overtime provisions of the Act during the period beginning June 10, 2019 and ending July 1, 2019 ("relevant period"). *See In re: Blackjewel, LLC, et al.*, No. 19-bk-30289, ECF Nos. 1157, 1176 and 1187. Following the closing of the Sale and the funding by BJMS as per the Modified Settlement, Defendants will pay the back wages of $1,998,725 to their employees as specified below. This amount shall represent the full extent of back wages owed by Defendants for the relevant period to the employees set forth and identified on the attached Schedule A. It is further agreed that the minimum wage and overtime compensation payments by Defendants in the amount specified above are in the nature of back wages pursuant to the provisions of the Act. Defendants shall remain responsible for all tax payments considered to be the "employer's share," including, but not limited to, FICA.

    i) The provisions of this Consent Judgment relative to back wages shall be deemed satisfied when Defendant Blackjewel delivers to each person listed on Schedule A the gross pay less all legally mandated deductions to the back wages, including, but not limited to, the employee's share of FICA and other taxes.

    ii) No later than **90** days from the date the Court enters this Consent Judgment and Injunction, Defendants shall pay to Plaintiff by ACH transfer, credit card, or debit card by going to https://www.pay.gov/public/form/start/77689032 or www.pay.gov the total net amount of any checks for back wages which cannot be distributed to

     identified employees in Schedule A, or to their estates if that is necessary because of inability of the parties to locate the proper persons, or because of such person's refusal to accept such sums.

iii) The provisions of this Consent Judgment shall not in any way affect any legal right of any individual not named on Schedule A, nor shall the provisions in any way affect any legal right of any individual named on Schedule A to file any action against Defendants for any violations alleged to have occurred outside the relevant period.

iv) The payment of the back wages totaling $1,998,725 in accordance with this Consent Judgment shall be considered compensation for work performed on coal at Kentucky mines and facilities owned and operated by Defendant Blackjewel, including D2-Beech Fork, D9-Northfork #6, D11-Panther, D21-Tyree Branch, D8-Cloverlick, H4-S17, S17-Cumberland River, P8-Cave Branch, P4-Beech Fork, P9-Straight Creek, and T9-Clover Loadout, from June 10, 2019 to July 1, 2019. The coal produced at these at these Kentucky mines and facilities from June 10, 2019 to July 1, 2019 was initially a product of uncompensated work.  Defendants' payment of these back wages will permit the coal produced at these Kentucky mines and facilities during the relevant period, and initially deemed by Plaintiff to be "hot goods" (as addressed in 29 U.S.C. § 215(a)(1)) because it was a product of uncompensated work, to enter into interstate commerce because the work that produced said goods is compensated by the payment of the back wages due to Defendant Blackjewel's current and former employees at these Kentucky mines and facilities.

8. Neither Defendants nor anyone on their behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid under this Consent Judgment. Any such amount shall be immediately paid to Plaintiff for deposit as described above, and Defendants shall have no further obligations with respect to such returned monies. If the recovered wages have not been claimed by the employee or the employee's estate within three years of the entry of this Consent Judgment, Plaintiff shall deposit such money with the Treasury in accordance with Section 16(c) of the Act.

9. The parties agree that the instant action is deemed to solely cover Defendants' business and operations for the relevant period for all claims raised in the Complaint as a result of Plaintiff's investigation. The parties agree that the filing of the Complaint and the provisions of this Consent Judgment shall not, in any way, affect, determine, or prejudice any and all rights of any person specifically named on Exhibit A or the Secretary for any period before June 10, 2019, or after July 1, 2019, or any persons, be they current or former employees, not specifically named on Exhibit A, insofar as such rights are conferred and reserved to said employees by reason of Section 16(b) of the Act.

10. Defendant Blackjewel agrees that it is an employer within the meaning of Section 3(d) of the Act.

11. The Parties, in order to amicably resolve disputed issues of fact and law concerning this matter, and to avoid protracted litigation, have agreed to this Consent Judgment. The agreements, statements, findings, and actions herein are made solely for the purpose of resolving this matter economically and amicably without litigation and shall not be used for any purpose, except for proceedings brought under the Act.

12. The parties agree that all matters addressed in the Complaint have been fully and finally resolved by this Consent Judgment.

13. By entering into this Consent Judgment, Plaintiff does not waive his right to conduct future investigations of Defendants under the provisions of the FLSA and to take appropriate enforcement action, including assessment of civil money penalties pursuant to Section 16(e) of the FLSA, with respect to any other violations disclosed by such investigations.

14. Each party will bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding including, but not limited to, attorney fees, which may be available under the Equal Access to Justice Act, as amended.

This the 23rd day of October, 2019.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY